**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**NEIL E. PRITCHARD,**

               **Plaintiff,**

v.                                                                            6:14-CV-1477

**TOWN OF NEW HARTFORD and**
**JOSEPH BOOTH,**

               **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**THOMAS J. McAVOY**
**Senior United States Judge**

## DECISION and ORDER

Before the Court is Defendant's motion for summary judgment in this case involving allegations that Defendants Town of New Hartford and Joseph Booth violated Plaintiff's First Amendment rights.  See dkt. # 78.  The parties have briefed the issues and the Court has determined to decide the matter on the submissions.

### I.  BACKGROUND

Plaintiff Neil E. Pritchard alleges that the Town of New Hartford and Joseph Booth, in his individual capacity as a Town code enforcer, violated his First Amendment rights.  At the time relevant to this litigation, Plaintiff was a candidate for the Oneida County Legislature.  See dkt. #78-2, Defendants' Motion for Summary Judgment, Exhibit 2, 50-h Hearing at 10.  Plaintiff placed a 32-square-foot sign on his front lawn in a residential neighborhood.  Id. at 20.  Booth, a Town code enforcement officer, instructed Plaintiff to remove the sign from his lawn because the Town code restricts

1

signs in residential neighborhoods to six square feet. Id. at 22. Plaintiff reduced the size of his sign to 24 square feet, but did not remove it from his property. Id. at 24. The Town sent Plaintiff several letters informing him of the sign's non-compliance, but the Town claims that it never took down the sign. Plaintiff also placed a number of small temporary campaign signs around town. Id. at 15. Plaintiff placed a few of these signs in the public "right-of-way." Id. at 29. The Town removed Plaintiff's signs on public property. Id. at 6. The Town also removed several other candidates' non-conforming campaign signs during this time period. Id. at 6.

Plaintiff claims he is entitled to relief under Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, and seeks money damages for violation of his First Amendment rights. Plaintiff alleges the Town retaliated against him for writing a newspaper article regarding "public issues in a Republican dominated town." Plaintiff's Response in Opposition to Summary Judgment ("Plaintiff's Response"), dkt. # 81, at 2. Plaintiff also contends that he lost the election as a result of the removal of his campaign signs. See dkt. #56, Amended Complaint at 5. Plaintiff requests $50,000 in damages from the Town of New Hartford, and $250,000 from Booth for violating Plaintiff's free speech. Id. Plaintiff also requests that a gag order be placed on any future settlement. Id.

Defendants have moved for summary judgment and argue that the removal of Plaintiff's signs was simply a content-neutral application of a facially constitutional town ordinance. See Defendant's Memorandum of Law, dkt. # 78, at 5. In the alternative, Defendants argue that Booth is entitled to qualified immunity because his conduct was objectively reasonable under the circumstances. Id. at 6.

## II.	LEGAL STANDARD

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir.1999), and may grant summary judgment only where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment, who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon 'mere allegations or denials' asserted in his pleadings, see Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525–26 (2d Cir.1994), or on conclusory allegations or unsubstantiated speculation.  See Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir.1998).

3

## III.    ANALYSIS

### A.    First Amendment Claims Against the Town

Plaintiff alleges that the Town of New Hartford and Joseph Booth, in his individual capacity, violated his First Amendment rights. Plaintiff alleges that the Towns practice of removing signs from private and public property is unconstitutional. Defendants argue that the Town fairly applied a facially constitutional, content-neutral policy that restricted only the size of temporary signs.

To recover against a municipality under § 1983, a Plaintiff must point to a government policy or custom, the enforcement of which infringes on a federally protected right. "It is when execution of a government's policy or custom, whether made by its lawmakers or by those . . . [who] . . . may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Departments of Social Services, 436 U.S. 658, 693 (1978). Further, municipal liability may be based on an express municipal policy, such as an ordinance, or a "widespread practice that, although not authorized by written law . . . is 'so permanent and well settled as to constitute a custom or usage' with the force of law." City of St. Louis v, Praprotnik, 485 U.S. 112, 127 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970)).

While Plaintiff argues that removing signs violates his free-speech rights, he also argues that the ordinance cited by the municipality as authority to remove the signs is unconstitutional. In either case, Plaintiff is incorrect.

As to the constitutionality of the ordinance, Plaintiff relies on the case of City of

4

Ladue, et al., v. Margaret P. Gilleo, 523 U.S. 43 (1994), to argue that a town may not regulate speech via the removal of temporary signs, and that "you can put up a sign wherever you want to." See 50-h Hearing of Neil Pritchard, dkt. # 78-2, at 38. Plaintiff's interpretation is wrong.

In City of Ladue, the Supreme Court examined a town ordinance that banned all temporary signs except for those that fell within ten predetermined exceptions. The Court held that the First Amendment prohibits such a policy. By creating ten exceptions, the policy in City of Ladue invited arbitrary application because city officials would be put in the position to choose whether the content of a given sign fell within a given exception. The Court reasoned that such a policy provided city officials with an unconstitutional amount of power to determine the content of the signs by predetermining exceptions to the general prohibition. City of Ladue cuts against Plaintiff's argument that citizens have the right to put up a sign wherever they choose. City of Ladue does not hold, as Plaintiff argues, that a citizen may put up a sign wherever he wants; rather, City of Ladue holds that the ordinance must be both measured and content-neutral. The Court invalidated the ordinance in City of Ladue because the city was regulating too much speech, not simply because the city had regulated speech. In fact, City of Ladue left open the possibility of "more temperate measures" that could "in large part satisfy Ladue's stated regulatory needs without harm to the First Amendment right of its citizens." See City of Ladue, 512 U.S. 43 at 58. By leaving this question open, the Court gave the city the opportunity to take a more content-neutral regulatory approach.

The Town's ordinance in this case is measured and content-neutral within the

5

meaning of City of Ladue. The ordinance bans all temporary signs placed in the right-of-way on Town property and restricts the size of residential signs.[1] With respect to the signs on public property, the Town has a recognized interest in ensuring that its roads are free from clutter and distraction. "It is well settled that the state may legitimately exercise its police powers to advance esthetic values." Members of City Council of City of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 805 (1984). While recognizing this general interest, the Court also explained that the First Amendment forbids the government from regulating "speech in ways that favor some viewpoints or ideas at the expense of others." Id. at 804. The ordinance banning temporary signs from the public right-of-way promotes the Town's interest in esthetics. Further, the ordinance does not value one viewpoint over any other—it simply bans all temporary signs obstructing the right-of-way. Therefore, the enforcement of the Town's content-neutral ordinance is constitutional, and Plaintiff's claim is without merit.

Plaintiff also seems to claim that the Town enforced the ordinance against him in an unconstitutional way and retaliated against him for writing a newspaper article discussing censorship. He contends that the Town has "singled me out" in a

---

[1] New Hartford Code §118-54 F (6) and (7), in relevant part establishes:

(6) Temporary signs, including but not limited to inflatables, banners or pennants, relating to . . . political campaigns. Such temporary signs are limited to 32 square feet in size when placed on any property used for commercial purposes and six square feet in size when placed on any property used for residential purposes.

(7) No sign, other than an official traffic sign or public notice approved by the Town Clerk, shall be erected within the right-of-way line of any public street. Signs posted in the right-of-way shall be removed, without prior notice by the Codes Department.

6

"Republican dominated town." See Plaintiff's Response, dkt. # 81 at 2. To the extent that Plaintiff claims that the Town's enforcement of the ordinance violated his constitutional rights or represented retaliation against him for exercising his First Amendment rights, Plaintiff's claim is without merit.

To recover against a municipality under § 1983, a Plaintiff must point to a specific municipal practice or custom that violates a federally protected right. See Monell at 693. Other than vaguely attacking the constitutionality of the Town ordinance, Plaintiff has not pointed to a specific practice or custom that infringes on his First Amendment rights. Plaintiff has not accused the Town of deliberately indifferent training, see e.g. City of Canton v. Harris, 489 U.S. 378, 380 (1989), or deliberately indifferent hiring, see e.g. Bd of County Comm'rs v. Brown, 520 U.S. 397, 410-11 (1997). To the contrary, Defendants have provided abundant evidence that shows the content-neutral enforcement practice of the code enforcement office. The time period during which Plaintiff accuses the Town of violating his first amendment rights is replete with instances of the Town taking down numerous signs that did not comply with the Town ordinance. See Joseph Booth, Affidavit in Support of Summary Judgment, dkt. # 78-4 at 6. The code enforcement office kept weekly records of all the signs removed by its employees. These records show a content-neutral application of the ordinance. During the month of September, 2013, over two dozen signs were taken down by the Town: political advertisements, garage sale notifications, real estate advertisements, commercial advertisements, and an advertisement for a Psychic Fair. Plaintiff has provided no evidence to the contrary. The Court will therefore grant Defendants' motion in this respect. Plaintiff has failed to provide any evidence to support his claim that the

Defendants violated his constitutional rights pursuant to a municipal policy or custom.

**B.     First Amendment Claims Against Joseph Booth**

Plaintiff also sues Joseph Booth, individually, for violating his First Amendment rights. Plaintiff argues that Booth targeted his campaign signs, and vaguely accuses Booth of participating in a Town conspiracy against him by unfairly enforcing the Town ordinance. See Plaintiff's Response, dkt. # 81, at 2. Plaintiff seeks punitive damages.[2] For many of the same reasons stated above, Plaintiff's claim with respect to Booth is without merit. Booth simply enforced a constitutional Town ordinance, and did so against Plaintiff in the same way he did so against several other candidates running for office. See Joseph Booth, Affidavit in Support of Summary Judgment, dkt. # 78-4 at 6. Plaintiff has cited no evidence that Booth targeted his signs, nor has Plaintiff cited evidence that Booth acted in any way inconsistent with the terms of the ordinance. Plaintiff has also cited no evidence beyond vaguely reciting the arguments raised in his complaint, and has cited no facts demonstrating the existence of a genuine dispute that a reasonable jury could resolve in his favor. Further, it's not clear that Plaintiff's First Amendment claims against Booth are different from the claims he has unsuccessfully raised against the Town. He cites no evidence that Booth did anything beyond enforce a constitutional, content-neutral Town ordinance. The Court will grant Defendants'

---

[2]To recover punitive damages under § 1983 against a government official in his individual capacity, the Plaintiff must show that the official acted with a malicious or evil intent or in callous disregard of the Plaintiff's federally protected rights. See Smith v. Wade, 461 U.S. 30 (1983). Plaintiff has not shown any malicious or evil intent, nor has he argued the Booth callously disregarded Plaintiff's First Amendment rights. Regardless, Plaintiff has not made out a successful § 1993 claim, and is therefore unable to collect damages of any sort.

motion for summary judgment in this respect as well.

IV.  CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment, dkt. # 78, is GRANTED.


Dated:   August 22, 2016

_____
Thomas J. McAvoy
Senior, U.S. District Judge